IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GIRMA GEBREMARIAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:16-cv-0861 |
| ) | JUDGE CRENSHAW |
| CITY OF NASHVILLE POLICE DEPT., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Plaintiff Girma Gebremariam, proceeding *pro se*, filed a civil complaint against the City of Nashville Police Department. Because Plaintiff proceeds *in forma pauperis*, the Court must conduct an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth herein, the complaint will be dismissed as frivolous and for failure to state a claim for which relief may be granted.

**I.      Initial-Review Screening Standards**

The Court is statutorily required to conduct an initial review of the complaint of a plaintiff proceeding *in forma pauperis* and to dismiss it prior to service of process if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The screening procedure established by § 1915(e) applies to *in forma pauperis* complaints filed by non-prisoners as well as to those filed by prisoners. McGore v. Wrigglesworth, 114 F.3d 601, 608 (6th Cir. 1997), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007).

Generally, an *in forma pauperis* complaint will be permitted to proceed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Hill v. Lappin, 630 F.3d 468, 470 (6th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Conversely, the action must be dismissed as frivolous when it is "based on an indisputably meritless legal theory" or when the "factual contentions [on which it relies] are clearly baseless." Anson v. Corr. Corp. of Am., 529 F. App'x 558, 559 (6th Cir. 2013) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Thus, when a complaint alleges facts that are "clearly baseless," "fanciful" or "delusional," it may be dismissed as frivolous. Denton v. Hernandez, 504 U.S. 25, 32–33 (1992) (citing Neitzke, 490 U.S. at 327–28). A complaint that is legally frivolous "*ipso facto*" fails to state a claim upon which relief can be granted. Hill, 630 F.3d at 470 (citing Neitzke, 490 U.S. at 328–29).

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.") (internal quotation marks and citation omitted). Cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are

properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

## II. Review of the Complaint

Plaintiff alleges that he is a homeless man of color who has been repeatedly and baselessly harassed by police officers in Nashville, as well as by Nashville fire department personnel and paramedics. (See Compl., Doc. No. 1, at 13.) More specifically, however, Plaintiff alleges as follows:

> I used to live in Oakland CA – where two Oakland police officers convinced Dr. Henry Tukle M.D., who worked at the summit medical center at the time to inject me with a drug called RADIUM ISOTOPE (a radioactive chemical). This was 24 years ago. This drug is so dangerous that it is known to stay in the human body for life. Some of the consequences could be bone cancer and other unknown fatal diseases. With this drug in my body they are using an electronic device and computer and smart phone to connect with the drug to follow my every move by satellite tracking system. However for them it has been a joke and a laughing matter. The use of such a dangerous and fatal drug on the human body for experimental and tracking purposes is both inhuman and illegal. Since the drug is dangerous and fatal, injecting it into a human body is as criminal an act as murdering someone. For the last 3 weeks the Nashville police and all law enforcement used advantage the chemical in my body they have been using high tech electronic device and computer make me suffer and torture including while I am a sleep in order to kill me and claim that I was found dead. While these criminal acts are designed by Nashville Police Departments, even when I travel anywhere all different place police departments and fire departments and Davidson County ambulance service personnel and all Nashville area private ambulances services personnel are informed to follow my every move.

(Id. at 10.)

The Court declines to accept the quoted allegations as true and instead finds them to be clearly fanciful, baseless, and delusional. As a result, the allegations fail to "state a claim to relief that is plausible on its face." Hill, 630 F.3d at 470.

Plaintiff also asserts that he is a black man who has been harassed by members of the Metropolitan Nashville Police Department on the basis of race, but the factual allegations in his

complaint do not support that assertion. He includes with his complaint a list of harassing incidents which he describes as "reflecting the date, time [and] place, the race of the officer, the car license # and the incident performed against me." (Id. at 14.) The list to which he refers, however, does not actually describe the incidents. Moreover, while the race of the police officers who allegedly harassed him is generally illegible, the list appears to show that black police officers were involved in five or six of the allegedly harassing incidents. (See id. at 15–21.) The Court finds that without additional information describing the incidents, the outcome, and why Plaintiff believes race to have been a factor in the alleged harassment, the allegations of harassment fail to state a claim for which relief may be granted.

### III. Conclusion

For the reasons set forth herein, the complaint will be dismissed as frivolous and for failure to state a claim for which relief may be granted.

An appropriate order is filed herewith.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE